Judge Owsley
delivered the Opinion of the Court.
On the 25th June, 1818, Peter Gate-wood and John ShorMPidge executed an instrument of writing, sealed with their seals, in which they jointly and severally promised, twelve months after date, to pay John Thompson, David Flournoy and Peter Gatcwcod, executors of Robert Sanders, deceased, seventy one dollars and twenty-five cents.
This writing was afterwards assigned by Thompson and Flournoy, two of the obligees, to Nancy Sanders, and b^j various other assignments, it finally was transferred to Lyle, who, in his name, brought an action, as assignee of the writing, against Gate-wood.
By appropriate pleas, Gaícwoed set out tbs facts of his being, at the date of the writing and still continuing to be one of the executors of Sanders, to whom payment of the money was stipulated to be made; and the question which was decided against Gatewood in the court below, and which is now presented for our consideration, is, whether or not the action can be sustained against Gatewood, who is both the obligor and one of the obligees named in the writing.
The principle is well settled that the same person cannot he both plaintiff and defendant to an action at law; so that if the action had been brought in the *7 name of the obligees mentioned in the writing, as the defendant Gatewood is one of them, it, would be perfectly clear that the action could not be maintained.
One of the two obligees of a bond may assign it —But— —If one of the obligees is also an obligor, neither the assignee of the other, nor of all (lie obligees pan sue at law.
If debtee makes debtor and another executor, the action at law is gone, though the debtor refuse to act, and dies.
This was r. Nutted in argument, but a distinction was attempted to be taken between the right of the obligees named in t!:.a ,.railing to maintain an action, and the plaintiff, Gyle, who sues as assignee through an assignment made by Thompson and Flournoy, two of the obligees only. It was argued, that the writing, which was executed to three, might be assigned by part of the obligees, and as it was actually assigned by two, it ’.ras contended that through that and other subsequent assignments, the plaintiff, Lyle, became entitled to demand and maintain an action to recover the amount stipulated to be paid. But conceding, in the general, the right of part of several obligees to transfer, by assignment, a note or bond for the payment cf money, the conclusion contended for in argument would not in this case follow.
If an action can be maintained upon a writing, in the name of the obligees, it would, no doubt follow, that when assigned by a competent number of the obligees, to pass the legal right, the person to whom the assignment is made, might maintain the action in his own name. Bui such is not the present case. In this case we have seen that no action could be maintained by the persons named in the writing, as obligees, against Gatewood, and we are incapable of discerning the principle which will allow two of three persons named as obligees, by assignment, to transfer to another a right of action which the whole of the obligees never had nor could have.
We have met with no case in all its circumstances, precisely like the present; but in Plowden’s Commentaries, the principle for which we contend is clearly and satisfactorily laid down. It is there said, “If the debtee makes the debtor and another his executors, although the debtor never administers, yet his action is gone forever. And the reason thereof is good, for the other cannot bring an action with *8 out naming him who does not administer, notwithstanding his refusal; and they two cannot sue one of as executors, for a personal thing. And, therefore, in the same case the action is extinguished, although the debtor, who does not administer, but disagrees, dies first, and the other survives him.
A personal sus^nended° by thePact of the party entitied to it, is forever.
Wickliffe, for plaintiff; Ilaggin, for defendant.
“ For a personal action once in suspense by the act the Party entitled to it, is always extinguished. But if the debtor makes the debtee and another his executors, and the debtee does not administer, j-,^ ¿,jes? then his executors shall have an action against the surviving executor, as the books purport. And so is the diversity. But if he administers, then his executors shall never have an' action against the surviving executor.” 1 Plow. 184.
The judgment must be reversed-, with cost; the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.